FILED
March 16, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002489910

4

HEFNER, STARK & MAROIS, LLP
Howard S. Nevins (CA Bar Assn. No. 119366)
Thomas P. Griffin, Jr. (CA Bar Assn. No. 155133)
Aaron A. Avery (CA Bar Assn. No. 245448)
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone: (916) 925-6620
Fax No: (916) 925-1127
Email: tgriffin@hsmlaw.com

Attorneys for Debtor
John Thomas

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### (Sacramento Division)

| | |
|---|---|
| In re<br><br>JOHN THOMAS,<br><br>      Debtor. | Case No. 09-37808-C-11<br>DCN:. HSM-012<br>Date: April 14, 2010<br>Time: 10:00 a.m.<br>Judge: Christopher M. Klein<br>Place: 501 I Street, 6th Floor<br>        Sacramento, CA<br>        Courtroom 35 |

**MOTION TO APPROVE SALE OF REAL PROPERTY
AND FOR AUTHORIZATION TO PAY SALES COMMISSION
(410 Corto Lane, Unit B, San Clemente, California)**

JOHN THOMAS, the debtor and debtor-in-possession herein ("Debtor"), moves this Court for an order authorizing the sale of the Real Property (described below) to Willard McMillan and Susan McMillan ("Buyers"). In support of this motion ("Motion"), the Trustee respectfully represents as follows:

    1.    The Debtor filed this case on August 10, 2009. The Debtor serves as debtor-in possession.

    2.    Jurisdiction for the filing of this Motion exists pursuant to 28 U.S.C. § 157 and 1334; 11 U.S.C. § 363; and the reference to this court by the District Court for the Eastern District of California.

1

///

3. The real property that is the subject of this Motion is commonly known as 401 Corto Lane, Unit B, San Clemente, California ("Real Property").

4. The Debtor and the Buyers have entered into a written agreement ("Agreement") regarding the purchase and sale of the Real Property. A true and accurate copy of the Agreement is attached as Exhibit 1 to the list of exhibits filed herewith. The Buyers have agreed to purchase the Real Property for $1,100,000.00 ("Purchase Price") and they have paid a deposit of $20,000.00, which is in escrow and which will be applied to the purchase price.

5. The Debtor, through his court-approved real estate broker, has successfully negotiated the terms and conditions of the contemplated sale of the Real Property to the Buyers. The commission owed to the broker will be split equally between the Debtor's broker and the Buyers' broker. Before the filing of this case, the Debtor made the decision to sell the Real Property. The Buyers' offer is the best offer that the Debtor has received.

6. The Debtor has determined that it is in the best interests of creditors and the estate to sell the Real Property immediately for the Purchase Price because the continued ownership of the Real Property will cause the estate to incur additional costs, including but not limited to, loan payments, insurance premiums, maintenance costs, taxes and other charges. As shown in the estimated closing statement, the estate is expected to realize approximately $29,800.00 from the sale of the Real Property. The estimated closing statement is attached as Exhibit 2 to the list of exhibits filed herewith.

7. The terms and conditions of the Agreement are as follows:

    a. The Buyers will pay the Purchase Price to the Debtor upon the closing date, which will be on or about May 14, 2010. This time is needed to allow the Debtor to give the tenants in the Real Property 60 days' notice of the sale, as required in the lease between the Debtor and the tenants;

    b. In exchange for the Purchase Price, the Debtor, on behalf of the estate, will sell to the Buyers all of the estate's right, title and interest in and to the Real Property;

///

c. The Debtor, on behalf of the estate, will cause this Motion and all papers related thereto, to be filed and served so that this Motion may be promptly heard by this court;

d. The Real Property is being sold "as is, where is" with no representations or warranties of any kind whatsoever by the Debtor;

e. The Real Property is being sold free and clear of any and all existing liens and encumbrances, excepting therefrom any prorated taxes due following the closing, any easements and any CCR's or homeowners' association conditions and requirements.

f. The sale of the Real Property is subject to overbidding. The Debtor proposes that the initial overbid be $1,105,000.00 and subsequent overbids, if any, shall be in increments of $5,000.00; and,

g. The proposed sale and agreement are subject to bankruptcy court approval through the granting of this Motion.

8. The Debtor requests that the court approve the proposed sale of the Real Property to the Buyers, or successful bidder at the hearing on the Motion, pursuant to Section 363(b) of the Bankruptcy Code.

9. As set forth above, based on the valuations of the Real Property and the information the Debtor has court-approved real estate broker regarding the value of the Real Property, the Debtor has concluded that the sale price and terms are fair and reasonable and in the best interests of the estate.

10. The Debtor further requests authorization to deliver to Buyers all documents and instruments necessary to consummate the sale of the Real Property and to effectuate the purpose of the subject transaction.

11. In an order dated November 21, 2009, the court approved the Debtor's retention of F.M. Tarbell Co., a real estate broker, to list and market the Real Property for sale. Pursuant to the Agreement, the broker is entitled to receive a commission upon the sale of the Real Property in an amount equal to 5% of the sales price, or $55,000.00, to be split equally by the broker for the Debtor and the broker for the Buyers.

///

12. If the Motion is granted, the Debtor will retain the net sale proceeds which will be distributed in this case in accordance with the provisions of the United States Bankruptcy Code and/or orders of this court.

**WHEREFORE**, the Debtor respectfully requests the court enter an order providing that: (1) the Debtor is authorized to sell the Real Property to the Buyers on the terms and conditions set forth in this Motion and in the Agreement; (2) the Debtor is authorized to sign any and all documents that may be appropriate and/or necessary to consummate the sale of the Real Property; (3) the sale of the Real Property is "as is," "where is," with no representations or warranties, express or implied, by the Debtor with respect to the Real Property; (4) the sale of the Real Property shall be free and clear of all liens and encumbrances, excepting therefrom any prorated taxes due following the closing, any easements, and any CCR's or homeowners' association conditions and requirements; (5) the Debtor is authorized to pay the balance owed on the lender's lien against the Real Property, the prorated real property taxes, closing costs, and a commission in the amount of 5% of the Purchase Price (to be split equally by the broker for the Debtor and the broker for the Buyers); and (6) the Debtor is authorized to retain as funds of the estate all net sale proceeds for subsequent distribution in accordance with the Bankruptcy Code and orders of the court.

Dated: March 11, 2010  HEFNER, STARK & MAROIS, LLP

By *[signature: Thomas P. Griffin Jr.]*
Howard S. Nevins
Thomas P. Griffin, Jr.
Aaron A. Avery
Attorneys for John Thomas

HEFNER, STARK & MAROIS, LLP
Sacramento, California

K:\Thomas, John\Chapter 11 Bankruptcy (7662-0001)\pldg approval sale rp mtn (HSM-12).wpd